ELECTRIC VEHICLE CO. et al. v. CRAIG TOLEDO MOTOR CO. et al.

(Circuit Court, S. D. New York. October 7, 1907.)

PROCESS—VALIDITY OF SERVICE—MODE OF OBJECTION.

Where the invalidity, irregularity, or defect in the service of process appears on the face of the papers, the objection may be taken by a motion to quash, but where it is necessary to prove such facts aliunde, it should be made by a plea in abatement so as to give the plaintiff an opportunity to cross-examine the witnesses.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, §§ 218, 219.]

In Equity. On motion to set aside service of process.

Cleveland F. Bacon, for the motion.
Betts, Sheffield, Bentley & Betts, opposed.

WARD, Circuit Judge. This is a suit in equity for the infringement of a patent. One of the defendants, the Craig Toledo Motor Company, appearing specially for the purpose, moves on affidavits to set aside the service of the subpœna ad respondendum on it.

Act March 3, 1897, c. 395, 29 Stat. 695 [U. S. Comp. St. 1901, p. 589], provides that suits for the infringement of patents shall be brought only in the "district in which the defendant is an inhabitant or any district in which defendant, whether a person, partnership or cor-

poration, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, and subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

The marshal returns:

"I hereby certify that on the 4th day of June, 1907, at the city of New York, in my district, I served the within subpœna in equity upon the within-named defendant, the Craig Toledo Motor Company, at its regular and established place of business, No. 2148 Broadway, New York City, by exhibiting to Otto Trieb, vice president of Empire State Motor Car Company, agents engaged in conducting the said business of the Craig Toledo Motor Company, at the above address, the within original and at the same time leaving with him a copy thereof."

If this return is true, the service is plainly good, but the defendant submits affidavits denying most of its material statements. Complainant submits no affidavits, but wishes to cross-examine the persons verifying the defendant's affidavits. The question arises as to the proper practice for traversing the return. Jackson, J., in United States v. American Bell Telephone Company et al (C. C.) 29 Fed. 17, held that where the invalidity, irregularity, or defect in service appears on the face of the papers, the objection may be taken by a motion to quash, but where it is necessary to prove these facts aliunde, the objection should be made by a plea in abatement. This practice seems to me in accordance with the rules of equity pleading and reasonable because it affords the complainant an opportunity of cross-examining the defendant's witnesses.

The motion is therefore denied, without prejudice to the right of the defendant under its special appearance to raise the question of jurisdiction by a plea in abatement.