## UNITED STATES v. DOSCHER et al.
### No. 6533.

District Court, E. D. New York.
Sept. 21, 1932.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Francis F. Giles, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Harold L. Cowin, of Brooklyn, N. Y., for defendant William Doscher, appearing specially for the purpose of this motion only.

BYERS, District Judge.

This is the usual so-called padlock proceeding, and the defendant Doscher, appearing specially, has filed a motion to vacate the subpœna herein, and for such other and further relief, etc.

The motion is based upon the affidavits of the defendant Doscher, verified September 2, 1932, and one Jack Koster, verified on the same date, the purport of which is that the subpœna was not personally served upon the defendant Doscher but was placed under a closed door at the premises 224 Lawrence Avenue, Lawrence, Long Island.

The opposing affidavit of the Assistant United States Attorney in charge states that the bill of complaint was duly filed with the Clerk of this Court on August 18th, upon which process was duly issued, and that the return of the United States Marshal certifies that on August 22, 1932, at 224 Lawrence Avenue, Lawrence, Nassau County, the United States Marshal for this District served the within subpœna on the defendant William Doscher, by delivering the same to and leaving with him a true copy thereof.

In effect, the said defendant traverses this return, and it seems to be important to

decide the practice that ought to be followed under the circumstances.

In the case of Electric Vehicle Co. et al. v. Craig Toledo Motor Co. et al. (C. C.) 157 F. 316, 317, which was a suit in equity for the infringement of a patent, the defendant Craig Co. appeared specially for the purpose, and moved on affidavits to set aside the service of the subpœna. Judge Ward denied the motion without prejudice to the right of the defendant, under a special appearance, to raise the question of jurisdiction by a plea in abatement. His opinion contains the following: "The question arises as to the proper practice for traversing the return. Jackson, J., in United States v. American Bell Telephone Company et al. (C. C.) 29 F. 17, held that where the invalidity, irregularity, or defect in service appears on the face of the papers, the objection may be taken by a motion to quash, but where it is necessary to prove these facts aliunde, the objection should be made by a plea in abatement. This practice seems to me in accordance with the rules of equity pleading and reasonable because it affords the complainant an opportunity of cross-examining the defendant's witnesses."

That decision antedated the present Equity Rules by a period of five years, and, under Rule 29 (28 USCA § 723), pleas are abolished. The latter says, in part: "* * * Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court. * * *"

As the defendant in this case challenges the jurisdiction of the court, it is thought that the proper practice for him to pursue would be to file a special answer in abatement, containing the matter which formerly would have been presented by a plea, which can then be set down upon the equity calendar for hearing, and disposed of as the testimony may require.

It might be possible to reach the same result by directing the taking of testimony upon the present motion, but it is not thought that the Judge sitting in Motion Term should be required to conduct hearings in matters of this kind.

Motion denied without prejudice to the right of the defendant Doscher, under his special appearance, to raise the question of jurisdiction by filing a special answer in abatement.